IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CIVIL NO. 4:04-517-CMC |
| | ) | |
| v. | ) | |
| | ) | **OPINION and ORDER** |
| Treadway L. Manning, Jr., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion for relief from judgment. ECF No. 11. Defendant argues he is entitled to relief from judgment due to the Supreme Court's decision in *Maples v. Thomas*, 565 U.S. \_\_, 132 S. Ct. 912 (2012). This motion is the latest in a series of motions filed by Defendant seeking to reopen judgment in this case. Defendant now seeks to use the *Maples* case to argue that counsel "abandoned" him such that his previously-denied motion for relief under 28 U.S.C. § 2255 should be reopened.

A prisoner whose motion for relief under 28 U.S.C. § 2255 has been denied may file a motion under Rule 60(b) to challenge "some defect in the integrity of the federal habeas proceedings," but not "to add a new ground for relief." *Gonzalez v. Crosby*, 545 U.S. 524, 532. Under Rule 60(b), the prisoner must prove " 'extraordinary circumstances' justifying the reopening of a final judgment." *Id*. at 535 (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). Defendant again argues (albeit with a new twist) that his attorney's alleged inaction was an extraordinary circumstance justifying the reopening of his § 2255 motion, dismissed for untimeliness over ten years ago. Defendant's motion is filed under Rule 60(b)(6), which provides that relief may be provided for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

This court may take judicial notice of other judicial proceedings. *See United States v.*

1

*Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (district court may take judicial notice of a prior related proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). In this regard, Defendant has managed to weave a tangled history of filings in the above-referenced cases, the Fourth Circuit Court of Appeals, and in the Middle District of Pennsylvania.[1]

**BACKGROUND**

In 1997, Defendant was convicted after two trials of two counts of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1); using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c); and obstructing commerce by an attempted armed robbery, in violation of 18 U.S.C. § 1951. Defendant was sentenced to life imprisonment. A Notice of Appeal was filed. On October 3, 2000, the Fourth Circuit Court of Appeals affirmed Defendant's convictions and sentence. *United States v. Manning*, 232 F.3d 891 (4th Cir. 2000) (Table).

On October 11, 2000, counsel wrote Defendant and provided him a copy of the appellate Opinion, noting that he (counsel) was in the process of preparing a motion for rehearing and rehearing *en banc*. *See* Mot. to Recall the Mandate at 6, Fourth Circuit Docket No. 98-4738 (hereinafter "Mot. to Recall"), ECF No. 84. Counsel indicated that Defendant had a right to file a petition for writ of certiorari, outlined the circumstances under which the Supreme Court normally grants review, and told Defendant to inform him (counsel) in writing within two (2) weeks if he wanted counsel to file a petition for writ of certiorari. *Id*.

Defendant apparently received this October 3, 2000 letter, because attached to Defendant's Motion to Recall the Mandate (filed in the Fourth Circuit Court of Appeals on July 2, 2012),

---

[1] On February 29, 2012, Defendant filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. *See Manning v. Bledsoe*, M.D. Pa. Civil Action No. 1:12-385-CCC-EC.

2

Defendant provided a copy of a letter purportedly written to counsel on October 19, 2000. In this letter, Defendant indicates that "I've received the unpublished decision of the Fourth Circuit Court of Appeals . . . . I would like you to file a writ of certiorari on my behalf." *Id*. at 7.

On April 30, 2001, this court received a letter from Defendant seeking the production of copies of certain discovery material from counsel. *See* Order, D.S.C. Criminal Action No. 97-323, (hereinafter "Cr. Docket") ECF No. 79. The court denied Defendant's motion. *Id*.

Defendant filed a motion for reconsideration of this denial on August 3, 2001, arguing that the material was needed to obtain post-conviction relief. *See id*. Therefore, no later than August 3, 2001, Defendant appears to have been gathering material to support a motion for post-conviction relief.

On October 8, 2001, Defendant wrote counsel inquiring about the status of the motion for rehearing. Mot. to Recall at 8. On October 15, 2001, counsel wrote Defendant, enclosing a copy of the October 30, 2000, appellate order denying the motion for rehearing and rehearing en banc, noting that "[t]his was inadvertently left out of mailing to you at the time it was issued." *Id*. at 9. There is no mention in either of these October 2001 letters of the status of the certiorari petition which Defendant claims he requested be filed in October 2000.

Another year passed before Defendant again wrote counsel, inquiring about "the status of my certiorari I asked you to file in my case . . . ." *Id*. at 10 (letter dated October 9, 2002). Counsel wrote Defendant a letter dated October 16, 2002. The letter from counsel states in its entirety: "Enclosed please find a copy of a letter I sent you on October 11, 2000. I did not file a Petition for Certiorari on your behalf." *Id*. at 11.

Three months later, on January 16, 2003, Defendant filed a *pro se* petition for writ of certiorari with the Supreme Court. *Id*. at 12. The letter from the Clerk of the Supreme Court noted

3

that "the petition for a writ of certiorari . . . was due January 28, 2001; therefore the petition was docketed with a notation as to its untimeliness." *Id*. The petition for writ of certiorari was denied February 24, 2003. *United States v. Manning*, 537 U.S. 1224 (2003).

On June 9, 2003, Defendant filed a motion for reduction of sentence in this court under 18 U.S.C. § 3582(c)(2), claiming relief under Amendment 591. Cr. Docket, ECF No. 89. On June 10, 2003, the Government responded in opposition to Defendant's motion, noting that Defendant's "sentence has been affirmed by the Fourth Circuit Court of Appeals . . . ." Cr. Docket, Gov't Resp. at 1, ECF No. 90. On June 25, Defendant replied to the Government's response, arguing that the Government sought to have the court "look no farther than the Fourth Circuit's 2000 affirmance of his direct appeals." *Id*., Dft's Reply at 2, ECF No. 91. Defendant's motion for relief was denied. *Id*., Order, ECF No. 92.

On February 19, 2004, Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255. D.S.C. Civil Action No. 4:04-517-CMC (hereinafter "CA Docket"), ECF No. 1. Defendant did not address the motion's timeliness in his § 2255 motion. On March 31, 2004, the court dismissed Defendant's motion with prejudice due to untimeliness. *Id*., ECF No. 3. On April 20, 2004, Defendant moved for reconsideration, advancing for the first time the same arguments he presents in the current Rule 60(b) motion; that is, that his failure to timely file the motion was due to the series of events outlined above. However, in the April 2004 motion for reconsideration, Defendant argued that

> [o]n October 15, 2001, counsel for [Defendant] wrote him a letter advising him that the Fourth Circuit Court of Appeals denial of his Rehearing En Banc had been inadvertently lefted [sic] out of mailing at the time it was issued. [ ] **With Manning's lack of knowledge of the law at that time, he was under the impression that counsel would automatically file a certiorari [on] his behalf**."

*Id*., Mot. for Recon. at 1, ECF No. 4 (emphasis added). No mention is made in this motion regarding

4

Defendant's letter of October 2000 to counsel **specifically asking** that a petition for writ of certiorari be filed. Defendant's motion for reconsideration was summarily denied. *Id.*, Order, ECF No. 6. Defendant appealed this court's decision to the Fourth Circuit Court of Appeals. A certificate of appealability was denied and Defendant's appeal was dismissed. *United States v. Manning*, 129 F. App'x 752 (4th Cir. 2005).

On February 29, 2012, Defendant filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania. *See* M.D. Pa. Civil Action No. 1:12-385-CCC-EC (hereinafter "2241 Docket"), ECF No. 1. Attached to the petition is Defendant's affidavit, wherein he attests to the following:

> On or about September of 2001, I received legal mail containing a copy of the denial of my direct appeal and an letter from counsel informing me the denial was inadvertently left out of mailing at the time it was issued[.] On or about the October 30, 2000, denial of my direct appeal to the date of receipt from counsel constituted 11 months and 22 days thereabout **leaving me with about 8 days to file my § 2255**[.] Upon attempting to file my initial § 2255 it was time barred due to counsel's obstructions.

2241 Docket, Aff. of Petitioner at 3, ECF No. 1-2 (emphasis added). In this petition, Defendant takes the position **under oath** that he did not receive notice of **the denial of his direct appeal** until 2001, and that also he believed he only had a handful of days to file a § 2255 motion after the October 2001 letter from counsel.[2] Additionally, Defendant attests that "[c]ertiorari was never taken." *Id*. However, these averments are in direct contradiction to his own actions (in filing a *pro se* petition for writ of certiorari) and to the material submitted to the Fourth Circuit in support of his motion to recall the mandate, including the letter Defendant purportedly wrote on October 19, 2000,

---

[2]As noted by the letter from the Supreme Court Clerk, Defendant's petition for writ of certiorari was due January 28, 2001. He therefore had until January 28, 2002, to file a motion for relief under § 2255. 28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522 (2003) (conviction becomes final when the time expires for filing a petition for a writ of certiorari with the United States Supreme Court contesting an appellate court's affirmance of the conviction).

5

wherein he allegedly informed counsel **"I've received the unpublished decision of the Fourth Circuit Court of Appeals** . . . . I would like you to file a writ of certiorari on my behalf." Mot. for Recall at 7 (emphasis added). The petition in the Middle District of Pennsylvania was dismissed for lack of jurisdiction. *Manning v. Bledsoe*, 2012 WL 1565608 (M.D. Pa. 2012).

On July 2, 2012, Defendant filed a motion for recall of the mandate in the Fourth Circuit Court of Appeals. Mot. to Recall, ECF No. 84. Defendant attached the documents noted above. Defendant's trial and appellate counsel filed a response to the motion, and the Government filed opposition, to which Defendant replied. *See id.*, ECF Nos. 86, 88, 92. On November 29, 2012, the Fourth Circuit denied Defendant's motion without comment. *Id.*, Order, ECF No. 93.

Defendant has also filed a variety of other motions in this court seeking relief from his life sentence, *inter alia*, a petition for writ of error coram nobis (Cr. Docket, ECF No. 97), a successive motion for relief under § 2255 (Cr. Docket, ECF No. 105), as well as repeated motions for reconsideration of rulings, application of guidelines Amendments that do not apply to him, and a motion for extension of time to file a motion for relief under § 2255 after *Alleyne v. United States*, 570 U.S. __, 133 S. Ct. 2151 (2013). All of these motions and petitions have been denied.

**DISCUSSION**

On January 15, 2015, Defendant filed the current motion seeking relief from the dismissal of his § 2255 motion in March 2004. Defendant argues that the Supreme Court's decision in *Maples v. Thomas*, 565 U.S. __, 132 S. Ct. 912 (2012), provides an "extraordinary circumstance" to obtain relief under Rule 60(b)(6) justifying the reopening of his original § 2255 motion so that a court can even reach the question of equitable tolling. In other words, construing his *pro se* motion, Defendant's reliance on *Maples*, decided some eight (8) years after the final ruling on his original § 2255 motion, is an argument that the change in law effectuated by the Supreme Court's decision

6

in that case is the extraordinary circumstance justifying the reopening of his original § 2255 motion so that he can try to establish that equitable tolling should be applied to his case.

Defendant's reliance on *Maples* is misplaced. The *Maples* decision addresses whether attorney abandonment can establish "cause" to overcome procedural default of claims asserted in a petition for relief under 28 U.S.C. § 2254. The decision most applicable to Defendant's circumstance is *Holland v. Florida*, 560 U.S. 631 (2010), which held that egregious attorney conduct, such as abandonment, could rise to the level of an "extraordinary circumstance" to allow equitable tolling.

A change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6). *Dowell v. State Farm Fire and Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citing *Hall v. Warden*, 364 F.2d 495, 496 (4th Cir. 1966) (en banc) (refusing to vacate final judgment on basis that it was erroneous in light of later Supreme Court decision effecting change in decisional law)). *See also Howell v. Secretary, Florida Dept. of Corrections*, 730 F.3d 1257 (11th Cir. 2013) (Supreme Court decision in *Holland v. Florida* was not an "extraordinary circumstance" that would justify relief from judgment dismissing petition); *Agostini v. Felton*, 521 U.S. 203, 239 (1997) ("Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)."). Moreover, in *Gonzalez*, the Court held that a change in the interpretation of the statute of limitations for a federal habeas petition was not an exceptional circumstance justifying the reopening of a final habeas judgment. *Gonzalez*, 545 U.S. at 536-37. "It is hardly extraordinary that [after the dismissal of the petition based on a statute of limitations], this Court arrived at a different interpretation." *Id*. at 536. Therefore, the court finds that neither *Holland* or *Maples* can be viewed as "extraordinary circumstances" justifying reopening the judgment in Defendant's § 2255 case under Rule 60(b)(6).

By Defendant's own admissions under oath presented to the court in the Middle District of Pennsylvania, Defendant was aware that he had a limited amount of time to file a motion for relief under § 2255. *See* 2241 Docket, Aff. of Petitioner at 3, ECF No. 1-2 ("On or about the October 30, 2000, denial of my direct appeal to the date of receipt [of the 2001 letter] from counsel constituted 11 months and 22 days thereabout **leaving me with about 8 days to file my § 2255**[.]") (emphasis added). Even taking into consideration the fact that a § 2255 motion was not due until January 28, 2002,[3] Defendant did not file a motion for relief under § 2255 in this court until mid-February 2004. Additionally, Defendant was on notice no later than the day he received counsel's October 16, 2002, letter informing him that no petition for writ of certiorari had been filed that the time for filing a § 2255 motion had expired. However, instead of immediately filing a motion for relief under § 2255 in this court and arguing the applicability of equitable tolling, Defendant chose to file a *pro se* petition for writ of certiorari in the Supreme Court.

"Equitable tolling of petitions for collateral review is available only when a defendant demonstrates '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Whiteside v. United States*, __ F.3d __, 2014 WL 7245453 at *4 (4th Cir. Dec. 19, 2014) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted)). Equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. (citations omitted). In this case, although Defendant has been doggedly attempting to create relief for himself based upon his patchwork of filings, it cannot be said, based upon the above-noted timeline, that Defendant has been pursuing his rights diligently.

---

[3] See note 2 *supra*.

4:04-cv-00517-CMC     Date Filed 02/03/15    Entry Number 12      Page 9 of 9

**CONCLUSION**

Not only is decisional law rarely an "extraordinary circumstance" which would impact the finality of a judgment, but Defendant's submissions relating to this motion and his other filings lead this court to find Defendant is, at best, using "creative phrasing" to twist facts presented to various courts to try and advance his position. Defendant's contention regarding notice and his counsel's alleged inactions is frivolous, and teeters precariously on the slippery slope of perjury.

Defendant's motion for relief under Rule 60(b)(6) is **denied**.

**IT IS SO ORDERED**.

                                        s/ Cameron McGowan Currie
                                        CAMERON MCGOWAN CURRIE
                                        SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 3, 2015

9